```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

```
BARBARA A. McCANN,              *
                                *
     Plaintiff,                 *
                                *
vs.                             *   Civil Action 08-00078-KD-B
                                *
MICHAEL J. ASTRUE,              *
Commissioner of                 *
Social Security,                *
                                *
     Defendant.                 *
```

## REPORT AND RECOMMENDATION

This action is before the Court on Petitioner's Petition for Authorization of Attorney Fees (Doc. 24), and Defendant's Response thereto (Doc. 26). The Petition has been referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure. Upon consideration of all pertinent materials contained in this file, it is recommended that the Petition for Attorney Fees (Doc. 24) be **GRANTED, in part.**

### I. Findings of Fact

1. Plaintiff Barbara A. McCann filed an application for a period of disability and disability insurance benefits, under Title II of the Social Security Act ("Act") 42 U.S.C. 401-433 on August 1, 2005. Plaintiff's claims were denied initially on November 10, 2005. (Doc. 10, Main Document at 30-31, 46-48).

2. On April 26, 2007, an Administrative Law Judge entered a

decision unfavorable to Plaintiff.  He found that Plaintiff was not entitled to disability insurance benefits.  (Doc. 10, Main Document at 14-24).  Plaintiff timely filed an appeal, which was denied by the Appeals Council ("AC").  (Id. at 7-9).

3.   Plaintiff and Petitioner Byron Lassiter executed an attorney's fee agreement dated January 11, 2008.  The agreement provides that  Plaintiff agrees to pay an attorney's fee of twenty-five percent (25%) of any accumulated past-due benefits paid to her and her family in the event of the successful prosecution of her claim in federal court. (Doc. 24-4, Exhibit C).

4.   On February 7, 2008, Mr. Lassiter filed an action in this Court, on behalf of Plaintiff, seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for a period of disability and disability insurance benefits. (Doc. 1).

5.   On July 28, 2008, Defendant filed a Motion for Remand pursuant to Sentence Four of 42 U.S. C. § 405(g).  (Doc. 14).

6.   The undersigned Magistrate Judge, on July 29, 2008, issued a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), and recommended that Defendant's motion be granted, and that this case be reversed and remanded.  (Doc. 15).

7.   District Judge Kristi K. DuBose adopted the report and recommendation and on August 19, 2008, she entered a judgment reversing and remanding this cause to the Commissioner of Social

Security pursuant to 42 U.S.C. § 405(g).  Accordingly, Plaintiff was the prevailing party under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Docs. 16, 17).

8.   Plaintiff filed an Application for Attorney Fees pursuant to the EAJA on October 27, 2008.  In an Order dated November 24, 2008, the Court awarded Plaintiff $2,669.72 for attorney's fees. (Docs. 18, 22, 23).

9.   On January 27, 2009, the ALJ issued a favorable decision. He determined that Plaintiff is disabled and entitled to benefits under Title II of the Social Security Act as of August 15, 2004, her alleged onset date.  (Doc. 24 at 2).

10.  Social Security issued a Notice of Award dated September 27, 2009. The Notice lists Plaintiff's past-due benefits as $27,524.40 and reflects that $5,300.00 was withheld from Plaintiff's award as payment for authorized attorney's fees. (Doc. 24-3, Exhibit B).

11.  In his petition, Mr. Lassiter confirms that the Agency awarded him $5,300 in administrative attorney's for time spent representing Plaintiff before the Agency.  (Doc. 24 at 3).  In his petition, Mr. Lassiter requests $1,581.10 be approved as attorney's fees for legal services rendered to Plaintiff before this Court. Said amount is computed as follows: ($27, 524.40 x 25% = $6881.10; $6881.10 – $5300 = $1581.10).

12.  Mr. Lassiter requests that he be allowed to retain the

EAJA award of $2669.88, and that the smaller $1581.10 amount be distributed to Plaintiff.  According to Mr. Lassiter, awarding him the higher EAJA amount will not result in Plaintiff paying more than 25% of her past-due benefits because the EAJA award is not paid out of her past-due benefits.  (Doc. 24 at 6).

13.  On October 26, 2009, Defendant filed its response to Petitioner's authorization for contingency fees, and advises that it does not object to Plaintiff's request.  Defendant does note however that counsel who receives attorney's fees under both Section 406(b) and EAJA is required to refund the lesser amount to his client. (Doc. 24).

## II.  Conclusions Of Law

### A.  Governing Law

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[1]

---

[1] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

In Gisbrecht v. Barnhart, 535 U.S. 789 (2002), the Supreme Court held that Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead [the section] instructs courts to review for reasonableness fees yielded by those agreements." Gisbrecht, 535 U.S. at 809. In Gisbrecht, the Supreme Court also specifically rejected the lodestar method of determining fees under Section 406(b), stating that it is "unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." Id. at 805-806.

Following Gisbrecht, lower courts have given great deference to contingency fee arrangements, and have upheld such arrangements unless the fees produced by them were found to be unreasonable. A contingent fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney. Wells v. Sullivan, 907 F.2d 367, 372 (2nd Cir. 1990). Factors that may be considered in reviewing for reasonableness include: 1) the character of representation; 2) the result achieved by the attorney; 3) any delay caused by the attorney; 4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; 5) fraud or overreaching in making

the agreement; and 6) the requested fee does not exceed 25 percent of past-due benefits.  Gisbrecht, 583 U.S. at 808-809.

### B. Discussion

Mr. Lassiter has included in his Petition itemized statements showing that 15.50 hours were spent pursuing Plaintiff's claim in federal court (Doc. 24-2, Exhibit A).  He requests that an additional $1,581.10 be awarded in attorney fees under § 406(b) for time spent representing Plaintiff before this Court.  According to Petitioner, his skill and expertise increased the likelihood of a favorable outcome, and he has had a "lengthy attorney-client relationship with the Plaintiff," which began in November 2005, lasted almost three years, and resulted in Plaintiff's award of benefits.

The undersigned has carefully reviewed the record in this case, including the Commissioner's response.  Based upon the undersigned's thorough review, it is recommended that an additional $1,581.10 be awarded in attorney fees under § 406(b) for time spent representing Plaintiff before this Court.  As noted supra, the Supreme Court has rejected an hourly approach ("lodestar method") for determining the reasonableness of a contingency fee arrangement, noting that the lodestar method is inappropriate because it is "designed to govern imposition of fees on the losing party."  Gisbrecht, 535 U.S. at 805.  In evaluating the reasonableness of the requested fees, the undersigned notes that

Mr. Lassiter obtained a fully favorable decision for his client which included significant past due benefits and future benefits. Also, Mr. Lassiter is recognized in this community as an experienced, reputable and capable attorney who practices almost exclusively in the area of Social Security law.  Moreover, this Court recognizes that by assuming this representation, Mr. Lassiter assumed a significant risk that he might never recover any fee for his efforts. Further, by entering the contingency fee agreement, Plaintiff was able to secure representation by very capable and experienced counsel.  Accordingly, the undersigned finds that an award of $1,581.10 in attorney fees, pursuant to §406(b), for time spent representing Plaintiff before this Court is reasonable.

The undersigned turns next to Mr. Lassiter's contention that he should be allowed to retain the higher EAJA amount of $2,669.72 and that the $1,581.10 award should be distributed to Plaintiff. Upon consideration, the undersigned finds that such an allocation would not be appropriate under the circumstances.

The relevant paragraph of the Fee Agreement executed between Mr. Lassiter and Plaintiff on January 11, 2008 provides as follows:

> 2.  It is understood and agreed that the attorney's fee will be 25% of the combined gross retroactive benefits from Social Security and Supplemental Security Income (SSI) resulting from a favorable award of the Commissioner, prior to any reduction under Section 1127(a) of the Act.

(Doc. 24-4, Exhibit C).

The plain language of this fee agreement limits attorney fees

to 25% of Plaintiff's past due benefits.  Although Mr. Lassiter has filed a sworn statement indicating that he discussed this matter with Plaintiff and that Plaintiff has agreed that he is to retain the higher amount, their written agreement clearly caps his fees at 25% of her past-due benefits.  As noted supra, 25% of Plaintiff's past due benefits totals $6881.10.  Given that Mr. Lassiter has already received $5300 for representing Plaintiff before the Agency, the additional $2669.72 EAJA award would place his total fee award above the 25% amount to which he and Plaintiff agreed.

Additionally, as noted supra, § 406(b)set a 25% limit on the fees that an attorney may charge a social security claimant for presentation in Court. 42 U.S.C. § 406(b)(1)(A).  There is a split amount the Circuits with respect to whether § 406(b)'s limitation applies *only* to representation before the Court or does it limit the combined total of attorney's fees awarded under both § 406(a)(for representation before the Administrative agency) and § 406(b) (for representation before the Court).  Based on the plain language of the statue, the Sixth, Ninth and Tenth Circuits have held that § 406(b)'s cap on attorney's fees applies *only* to fees awarded under § 406(b) and does not limit the combined fees awarded under both § 406(a) and § 406(b).  <u>Clark v. Astrue</u>, 529 F. 3d 1211, 1215 (9th Cir. 2008); <u>Wrenn v. Astrue</u>, 525 F. 3d 931 (10th Cir. 2008); <u>Horenstein v. Sec'y of Health and Human Servs</u>, 35 F. 3d 261, 261 (6th Cir. 1994).   On the other hand, the Fourth and Fifth

Circuits have held that § 406(b) limits the combined attorney's fees awarded under both § 406(a) and § 406(b) to 25% of the claimant's past due benefits. Morris v. Social Sec. Admin., 689 F. 2d 495, 497-498 (4th Cir. 1982); Dawson v. Finch, 425 F. 2d 1192, 1195 (5th Cir. 1970). It does not appear that the Eleventh Circuit has squarely addressed this issue; thus, the Fifth Circuit's Finch decision is binding on this Court[2]. Accordingly, the combined attorney fee recovery under both § 406(a) and § 406(b) is limited to 25% of Plaintiff's past-due benefits, or $6881.10.

While Mr. Lassiter asserts that awarding him the higher EAJA amount would not exceed the 25% limitation because the EAJA award is not funded out of Plaintiff's past-due benefits, such a distribution still results in a total attorney fee recovery that exceeds § 406(b)'s 25% limitation, as well as the 25% cap contained in the contingency fee agreement executed by Mr. Lassiter and Plaintiff.

The recovery of attorney fees under both EAJA and § 406(b) was specifically allowed when Congress amended the EAJA in 1985. See Gisbrecht, 535 U.S. at 796. In Gisbrecht, the Supreme Court recognized that Congress harmonized an award of attorney's fees under the EAJA and under § 406(b), and observed as follows:

---

[2]The Eleventh Circuit has adopted all prior decisions of the Fifth Circuit rendered prior to September 30, 1981 as binding precedent. Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981).

9

>   Fee wards may be may under both prescriptions [EAJA
>   and § 406(b)], but the claimant's attorney must "refun[d]
>   to the claimant the amount of the smaller fee. . . .
>   Thus, an EAJA award offsets an award under Section
>   406(b), so that the [amount of total past-due benefits
>   the claimant actually receives] will be increased by
>   the . . . EAJA award up to the point the claimant receives
>   100 percent of past due benefits.

Id.

Based upon the Gisbrecht decision, it is clear that allowing attorney fee awards under both statutes is designed to enable the claimants to keep a greater portion of their past-due benefits. As noted supra, in the case at hand, permitting Mr. Lassiter to retain the $2,669.72 EAJA award will result in a total attorney fee that exceeds 25% of Plaintiff's past-due benefits, and also exceeds the cap contain in the contingency fee agreement. Awarding Mr. Lassiter the §406(b) fee in the amount of $1,581.10 will result in a fee recovery of $6,881.10, which represents 25% of Plaintiff's past-due benefits. (Administrative fee award of $5300 plus additional award of $1,581.10 = $6,881.10). The latter allocation is consistent with the fee agreement, and results in Plaintiff receiving a greater percentage of her past-due benefits. Therefore, upon consideration of the foregoing, the undersigned finds that an award of **$1,581.10** to Mr. Lassiter, for representation of Plaintiff at the federal court level, is not unreasonable in this case.[3]  See, e.g., Thomas v. Barnhart, 412 F.

---

[3]See also e.g., Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1363-67 (N.D. Ga. 2005) (approving a contingency fee agreement

Supp. 2d 1240 (M.D. Ala. 2005).

### III.  Conclusion

Accordingly, the undersigned **RECOMMENDS** that Petitioner be authorized to receive, as an attorney's fee pursuant to Section 406(b) for services rendered at the federal court level, the sum of **$1,581.10.**  This total is equal to twenty-five (25%) percent of the total past-due benefits awarded to Plaintiff, minus the administrative amount previously paid.  The Magistrate Judge further **RECOMMENDS** upon receipt of this award, Petitioner should refund to Plaintiff the EAJA fee award of **$2,669.72** which was previously awarded pursuant to the Equal Access to Justice Act ("EAJA").

The attached sheet contains important information regarding objections to this Report and Recommendation.

---

resulting in an award of $21,057.75); Claypool v. Barnhart, 294 F. Supp. 2d 829 (S.D.W. Va. 2003) (approving a request for an award under a contingency fee agreement of $18,000, for 12.56 hours, resulting in an hourly rate of $1,433.00); Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (approving $25,132.50 for 56 hours); Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (approving contingency fee resulting in an hourly rate of $977.00); Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002) (approving $10,189.50 for 16.82 hours); Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1385 (S.D. Ga. 2002) (approving contingency fee resulting in an hourly rate of $350.00).

DONE this **3rd** day of **November, 2009.**

          **/s/ SONJA F. BIVINS**
        **UNITED STATES MAGISTRATE JUDGE**

**JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. <u>Objection</u>.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. <u>Opposing party's response to the objection</u>.  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.  <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

             <u>  /s/ SONJA F. BIVINS  </u>
             **UNITED STATES MAGISTRATE JUDGE**