IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARBARA A. McCANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 08-0078-KD-B |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on the report and recommendation entered November 11, 2009, by United States Magistrate Judge Sonja F. Bivins and Plaintiff Barbara A. McCann's partial objection to the recommendation (docs. 28, 29). After due and proper consideration of all portions of this file deemed relevant to the issues raised and a *de novo* determination of those portions of the recommendation to which objection is made, Plaintiff's objection is sustained. Accordingly, the report and recommendation of the Magistrate Judge made pursuant to 28 U.S.C. § 636(b)(1)(B) is **ADOPTED in part** as the opinion of this Court, as follows:

The Magistrate Judge recommends that pursuant to 42 U.S.C. § 406(b), the Court award Petitioner Byron A. Lassiter, plaintiff's counsel, a fee of $1,581.10 for work attributable to representing his client before the District Court. This amount is calculated as follows: Plaintiff received $27,524.40 in past-due benefits. Plaintiff had a twenty-five percent (25%) of past-due benefits contingency fee agreement with Petitioner which calculates to $6,881.10. Petitioner previously received, pursuant to 42 U.S.C. § 406(a), $5,300.00 for work attributable to representing his client at the administrative level. As explained by the Magistrate Judge, binding authority in this Circuit states that the combined attorney fee recovery under both § 406(a) and §

406(b) is limited to twenty-five percent (25%) of Plaintiff's past-due benefits, or in this case $6,881.10.  Dawson v. Finch, 425 F.2d 1192,1195 (5th Cir. 1970).  Also, 42 U.S.C. § 406(b) caps the maximum award at twenty-five percent (25%) of past-due benefits.  Accordingly, the maximum Petitioner may receive under § 406(b), for his 15.5 hours of work in District Court is $1,581.10.  The undersigned adopts the Magistrate Judge's finding that this amount represents a reasonable fee.  Thus, Petitioner is authorized to receive $1,581.10 for services rendered in District Court.

      The Magistrate Judge also recommends that upon receipt of this award, Petitioner should refund to Plaintiff the EAJA fee award of $2,669.72, which was previously awarded pursuant to the Equal Access to Justice Act ("EAJA").  The Magistrate Judge reasoned that if Petitioner retains the EAJA fee ($2,669.72) and the § 406(a) fee ($5,300.00), the combined total ($7,969.72) would exceed the twenty-five percent (25%) cap in § 406(b) and the amount due pursuant to the contingency fee agreement ($6,881.10).  The Magistrate Judge also points out that allowing Petitioner to retain the EAJA fee results in Plaintiff retaining less of her past-due benefits.

      Petitioner objects to this recommendation, pointing out that the case law is clear that fee awards may be made under both § 406(b) and EAJA and the only requirement is that the attorney must refund to the plaintiff the amount of the smaller fee.  Petitioner also relies on the fact that even if Petitioner retains the EAJA fee, the Plaintiff will have only paid $5,300.00 in attorney fees.

      Upon consideration, the undersigned does not adopt the Magistrate Judge's recommendation that the Petitioner refund the higher EAJA fee to Plaintiff.  Congress has

addressed the issue of "double dipping" by requiring that the lesser of the EAJA or § 406(b) fee be refunded to the Plaintiff.  Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186.")  A requirement that Petitioner return the higher of the fees would contradict Congress' determination of how the statutes should be harmonized.  Also, in Watford v. Heckler, 765 F. 2d 1562, 1566 (11th Cir. 1985), the court acknowledged that a Petitioner who received EAJA fees would have to reimburse the claimant for the § 406(b) fees and then also held that EAJA fees could exceed the twenty-five percent (25%) limitation imposed by § 406(b).

**DONE** this 10th day of December, 2009.

     **s / Kristi K. DuBose**
     **KRISTI K. DuBOSE**
     **UNITED STATES DISTRICT JUDGE**